# HOME INSURANCE AND TRUST COMPANY *v.* TENNESSEE FOR THE USE OF MEMPHIS.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 672. Argued and submitted January 20, 21, 22, 1896. — Decided March 2, 1896.

The charter of the Memphis Life and General Insurance Company contained a provision " that there shall be a state tax of one half of one per cent upon the amount of the capital actually paid in." The charter of the Home Insurance and Trust Company authorized that company to " or-

ganize with all the forms, officers, terms, powers, rights, reservations, restrictions and liabilities given to and imposed upon the Memphis Life and General Insurance Company." *Held*, that the Home Company was not subject to the provision respecting taxation in the charter of the Memphis Life Company.

·THE plaintiffs below sought by this bill to recover certain taxes against the Home Insurance Company, or its shareholders, under the general revenue laws of the State, at a greater rate than the plaintiffs in error claimed they are liable to pay. This case was also tried, on an agreed statement of facts, by which it appears that on the 29th day of February, 1856, the legislature of Tennessee passed an act incorporating the Home Insurance Company. On March 20, 1858, the legislature passed an act, the fourteenth section of which provides: "That the name of the Home Insurance Company of Memphis be changed to that of the Home Insurance and Trust Company, and said company may organize with all the forms, officers, terms, powers, rights, reservations, restrictions and liabilities given to and imposed upon the Memphis Life and General Insurance Company, provided nothing herein contained shall in anywise be construed to release said company from any existing liability."

The present company organized under this charter. The Memphis Life and General Insurance Company, referred to in the above section, was chartered March 2, 1854, the thirtieth section of which reads: "That there shall be a state tax of one half of one per cent upon the amount of the capital actually paid in." It is conceded that the Home Insurance Company has regularly paid this tax. The Supreme Court of Tennessee held that the shares of stock, the capital stock, the surplus and franchises of the company were subject to taxation, and that the exemption from taxation claimed by it and its shareholders was not well founded. The court rendered a decree against the company under the stipulation, by which the company assumed the liability of its shareholders for taxes against them, from which decree plaintiffs in error have prosecuted this writ of error.

*Mr. Frank P. Poston*, for plaintiffs in error, submitted on his brief.

*Mr. S. P. Walker*, (with whom was *Mr. C. W. Metcalf* and *Mr. F. T. Edmondson* on the brief,) for defendants in error.

MR. JUSTICE PECKHAM, after stating the case, delivered the opinion of the court.

It is quite questionable whether section 30 of the act incorporating the Memphis Life and General Insurance Company grants to that company any immunity from taxation. Without discussing or deciding that question, however, we think that, assuming the exemption to exist in favor of that company, it did not pass to the Home Insurance Company by virtue of the fourteenth section of the act of 1858, above quoted. We think the words contained in that section, referring to the Memphis Life and General Insurance Company, are of no broader significance than those referred to in the case of *Memphis v. The Phœnix Insurance Company*, just decided. Upon authority of that case, therefore, this judgment must be

*Affirmed.*